IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-624-BO-KS

| | | |
|---|---|---|
| SHAUNESI YVETTE DEBERRY,<br><br>Plaintiff,<br><br>v.<br><br>FRANCIS X. DELUCA, in his official capacity as Chair of the North Carolina State Board of Elections, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MEMORANDUM & RECOMMENDATION** |

This matter is before the court on the following motions filed by the pro se Plaintiff upon referral to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) by the Honorable Terrence W. Boyle, United States District Judge:

1. Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [DE #6]; and
2. Plaintiff's Emergency Motion for Expedited Consideration [DE #7].

For the reasons set forth below, it is recommended that Plaintiff's motions be denied.

## DISCUSSION

### I. Background

Plaintiff, a resident of Maryland, filed this action on September 1, 2026, asserting a claim under 42 U.S.C. § 1983 for violation of her First and Fourteenth

Amendment rights. (Compl. [DE #1]; Civil Cover Sheet [DE #1-18].) She alleges she intends to seek qualification as a write-in candidate for United States Senate in the November 3, 2026, general election (Compl. ¶¶ 13, 50), but she acknowledges she does not presently meet the constitutional residency requirements and missed the filing deadlines (*id.* ¶¶ 13—14, 24–37). She alleges that on August 29, 2026 (after the final filing deadline), she "asked the State Board [of Elections] for a written determination whether she could initiate and complete the process after the published deadline" and was advised "that the deadline had passed and that 'there is no law or administrative provision permitting a qualified voter to initiate a write-in candidate petition after the deadline.'" (*Id.* ¶¶ 36–37.) She states she "has identified prospective supporters and reasonably expects to be able to collect the required signatures if permitted a brief, definite period to do so." (*Id.* ¶ 33.) She asks that she be given a short period of time to submit her declaration of intent and petition and that Defendants be ordered to accept and process any such late submission. (*Id.* at 4–5, Pl.'s Emergency Mot. TRO & Prelim. Inj. [DE #6] at 1.)

## II. Motions for Injunctive Relief

Temporary restraining orders and preliminary injunctions are extraordinary forms of relief, "involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances" when necessary to protect the status quo and prevent irreparable harm during the pendency of suit. *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir.1991)). "The standard for a temporary

restraining order is the same as the standard for granting a preliminary injunction." *Sharma v. Circosta*, No. 5:22-CV-59-BO, 2022 WL 412710, at *1 (E.D.N.C. Feb. 9, 2022) (citing *U.S. Dep't of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n.1 (4th Cir. 2006), for proposition that the two are distinguishable only in duration).

To obtain such extraordinary relief, a plaintiff must demonstrate "that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Issuing injunctive relief "based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

Moreover, injunctive relief generally may issue only if proper notice is provided to the party enjoined. *See* Fed. R. Civ. P. 65(a) ("The court may issue a preliminary injunction only on notice to the adverse party."), (b) (authorizing temporary restraining order without notice only upon showing of "immediate and irreparable injury, loss, or damage" and "any efforts made to give notice and the reasons why [notice] should not be required"). "To comport with due process and the requirements of Rule 65, courts generally require the adverse party to have notice and an opportunity to be heard, ideally through formal services of process and actual notice that a preliminary injunction might issue." *Spells v. Wake Cnty. Bd. of Educ.*, No.

5:25-CV-00251-M-KS, 2025 WL 2303925, at *1 (E.D.N.C. July 25, 2025) (quoting *ICENY USA, LLC v. M&M's, LLC*, 421 F. Supp. 3d 204, 213 (D. Md. 2019)).

Plaintiff's motion fails to meet the standards for issuance of injunctive relief. Plaintiff has not plausibly alleged that she is likely to succeed on the merits of her § 1983 claim, that she is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in her favor, or that an injunction is in the public interest. Furthermore, Defendants have not appeared in this action, and it does not appear they have been served with notice of the suit pursuant to Rule 4 of the Federal Rules of Civil Procedure. Nor has Plaintiff demonstrated that temporary injunctive relief would be appropriate absent notice to Defendants.

Accordingly, it is recommended that Plaintiff's motion for temporary restraining order or preliminary injunction be denied. It is further recommended that her motion for expedited consideration of her motion for temporary restraining order and preliminary injunction be dismissed as moot.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED as follows:

1. Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [DE #6] be DENIED;

2. Plaintiff's Emergency Motion for Expedited Consideration [DE #7] be DISMISSED as moot.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff shall have until **October 20, 2026**, to file written

objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b) (E.D.N.C. May 2023).

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 6th day of October 2026.

Kimberly A. Swank

KIMBERLY A. SWANK
United States Magistrate Judge