IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-624-BO-KS

| | | |
|---|---|---|
| SHAUNESI YVETTE DEBERRY, aka SHAUNESI YVETTE MELVIN, | ) | |
| Plaintiff, | ) | |
| v. | ) | <u>O R D E R</u> |
| FRANCIS X. DELUCA, in his official capacity as Secretary of the North Carolina State Board of Elections, *et al.*, | ) | |
| Defendants. | ) | |

This cause comes before the Court on the memorandum and recommendation (M&R) of United States Magistrate Judge Kimberly A. Swank. [DE 8]. Magistrate Judge Swank recommends that plaintiff's application to proceed *in forma pauperis* be denied. *Id.* Plaintiff, who proceeds in this action *pro se*, has objected to the M&R. [DE 9]. In this posture, the M&R is ripe for disposition. For the reasons that follow, the M&R is adopted in part.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(l); Fed R. Civ. P. 72(b)(3). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460-61 (4th Cir. 2023). A pro se party's objections must still be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). Where no specific

objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Magistrate Judge Swank recommends that the Court deny plaintiff's motion to proceed *in forma pauperis* because plaintiff has not demonstrated that paying the required filing fee would deprive her of life's necessities. Magistrate Judge Swank further recommends that the clerk be directed to close the case if plaintiff does not pay the filing fee by October 9, 2026.

On September 23, 2026, the same day that plaintiff filed an objection to the M&R, plaintiff tendered the filing fee to the Clerk of Court. Plaintiff's objection [DE 9] "extends beyond $405" and "concerns whether a threshold financial process may consume the period in which meaningful Article III review and effective prospective relief remain possible." *Id.* at 1. Plaintiff further states that community members contributed toward plaintiff's payment of the filing fee. *Id.* at 4. Plaintiff's objections primarily concern any delay in the adjudication of the merits of the complaint due to the allegedly time-sensitive nature of the claims.

The Court has considered Magistrate Judge Swank's recommendation and reviewed plaintiff's motion to proceed *in forma pauperis* de novo. The Court agrees with the magistrate judge that plaintiff's application to proceed *in forma pauperis* demonstrates that she could pay the requisite fee. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Plaintiff's affidavit shows income which exceeds expenses by several hundred dollars each month. [DE 2]. The motion to proceed *in forma pauperis* will therefore be denied. However, as plaintiff has already paid the filing fee, the Clerk of Court needs no direction regarding the closing of the case.

## CONCLUSION

Accordingly, the M&R [DE 8] is ADOPTED IN PART. Plaintiff's motion to proceed *in forma pauperis* [DE 2] is DENIED.

As plaintiff has paid the filing fee and the clerk has issued the summonses, no further action on the issue of the filing fee is required.

SO ORDERED, this 6 day of October 2026.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE