IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-624-BO-KS

| | | |
|---|---|---|
| SHAUNESI YVETTE DEBERRY, aka SHAUNESI YVETTE MELVIN,<br><br>Plaintiff,<br><br>v.<br><br>FRANCIS X. DELUCA, in his official capacity as Secretary of the North Carolina State Board of Elections, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This cause comes before the Court on the memorandum and recommendation (M&R) of United States Magistrate Judge Kimberly A. Swank. [DE 14]. Magistrate Judge Swank recommends that plaintiff's emergency motion for temporary restraining order and preliminary injunction [DE 6] and emergency motion for expedited consideration [DE 7] be denied. Also pending is plaintiff's emergency motion seeking recusal of Magistrate Judge Swank and, alternatively, for immediate district court consideration of pending emergency motions and expedited service and briefing [DE 17] as well as plaintiff's emergency motion requesting immediate consideration regarding plaintiff's objections to the M&R and appeal from Magistrate Judge Swank's denial of plaintiff's motion for leave to file electronically. [DE 19].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(l); Fed R. Civ. P. 72(b)(3). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review

de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460-61 (4th Cir. 2023). A pro se party's objections must still be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The Court considers first Magistrate Judge Swank's M&R [DE 14] and plaintiff's objections thereto. In her M&R, Magistrate Judge Swank recommends that the Court deny plaintiff's requests for emergency and preliminary injunctive relief because plaintiff has not satisfied the procedural requirements for a preliminary injunction nor has she demonstrated that she is entitled to injunctive relief. The M&R further recommends that plaintiff's motion for temporary restraining order be denied because plaintiff has failed to show why *ex parte* relief would be appropriate. [DE 14].

In her complaint, plaintiff alleges that she failed to comply with the deadlines to petition to qualify as a write-in candidate for U.S. Senate in the November 2026 election. *See* N.C. Gen. Stat. § 163-123(c)(1). The applicable deadlines for this election cycle were July 21 and August 5, 2026. [DE 1] ¶ 24. On August 29, 2026, plaintiff requested that the State Board of Elections permit her to begin and complete the application process after the application deadlines had passed, and was told on August 31, 2026, that there was "no law or administrative provision permitting a qualified voter to initiate a write-in candidate petition after the deadline." [DE 1] ¶¶ 36-37; [DE 1-14].

Plaintiff alleges that she does not challenge the requirements for qualifying as a write-in candidate. Rather, plaintiff alleges that the refusal by the State Board of Elections to permit her to initiate the statutory process for qualifying as a write-in candidate after the deadline for doing so had passed violated her rights under the First and Fourteenth Amendments. [DE 1] ¶ 43. Plaintiff alleges that, as applied to her, the "categorical refusal to permit even the initiation of the statutory process substantially burdens Plaintiff's political expression and association and prevents voters from supporting her proposed candidacy through the statutory qualification process." *Id.*

Plaintiff specifically objects to the Magistrate Judge Swank's findings that plaintiff has not demonstrated the requirements for issuance of a temporary restraining order or preliminary injunction, and further contends that she has notified defendants of the pendency of her motions and asks that the United States Marshal be ordered to effect service of the summonses and complaint. [DE 19].

First, plaintiff has failed to demonstrate that a temporary restraining order should issue. Rule 65(b) of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders. It provides that

> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). While temporary restraining orders are at times necessary, "[t]he stringent restrictions imposed by . . . Rule 65 [] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny*

*Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 438–39 (1974). Accordingly, the procedural requirements of Rule 65(b) are strictly construed. *See Tchienkou v. Net Tr. Mortg.*, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010).

Defendants have not been served, appeared in this action, or responded to plaintiff's motion. Plaintiff has failed to certify in writing any efforts she made to give notice of the motion to defendants or why *ex parte* injunctive relief should issue. Plaintiff appears to argue that her email correspondence with Timothy Hoegemeyer, general counsel to the State Board of Elections, demonstrates that defendants have notice of the pending requests for injunctive relief. [DE 19] p. 9. However, the email correspondence filed by plaintiff does not demonstrate that notice of the pending requests for injunctive relief has been provided to defendants. *See* [DE 17-1]. Plaintiff's request for a temporary restraining order is denied.

Second, the Court will not entertain preliminary injunctive relief in the absence of notice to defendants and an opportunity for them to be heard. "'To comport with due process and the requirements of Rule 65, courts generally require the adverse party to have notice and an opportunity to be heard, ideally through formal services of process and actual notice that a preliminary injunction might issue.'" *Spells v. Wake Cnty. Bd. of Educ.*, No. 5:25-CV-00251-M-KS, 2025 WL 2303925, at *1 (E.D.N.C. July 25, 2025) (quoting *ICENY USA, LLC v. M&M's, LLC*, 421 F. Supp. 3d 204, 213 (D. Md. 2019)). As plaintiff elected to pay the filing fee, she is required to effect proper service on defendant. *See* Fed. R. Civ. P. 4. Plaintiff has failed to demonstrate that any alternative service or service by the United States Marshal should be allowed.

Finally, the plaintiff has failed to satisfy any of the requirements for a preliminary injunction, in particular that an injunction would be in the public interest. "A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is

likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in h[er] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (cleaned up, citations omitted). Here, plaintiff seeks preliminary injunctive relief not to preserve the status quo, but to require the State Board of Elections to waive the write-in candidate qualification deadline for her. "Unlike prohibitory preliminary injunctions, mandatory preliminary injunctions alter, rather than preserve, the status quo, and therefore are 'disfavored, and warranted only in the most extraordinary circumstances[.]'" *2311 Racing LLC v. Nat'l Ass'n for Stock Car Auto Racing, LLC*, 139 F.4th 404, 408 (4th Cir. 2025) (cleaned up, citation omitted).

"It is well established that ballot-access restrictions 'implicate substantial voting, associational and expressive rights protected by the First and Fourteenth Amendments.'" *Pisano v. Strach*, 743 F.3d 927, 932 (4th Cir. 2014) (citation omitted). "When deciding whether a state's filing deadline is unconstitutionally burdensome, [courts] evaluate the combined effect of the state's ballot-access regulations." *Id.* at 933. Here, plaintiff does not challenge North Carolina's deadline, but the refusal to extend the deadline so that she could attempt to comply by collecting a sufficient number of signatures. *See* N.C. Gen. Stat. § 163-123(c)(1). "As the Fourth Circuit has observed, preliminary injunctions which would threaten the orderly administration of an election are routinely denied[.]" *Dhillon v. Wobensmith*, 475 F. Supp. 3d 456, 463 (D. Md. 2020) (citations omitted). Plaintiff waited until well-past the filing deadline to inquire whether she could initiate her write-in candidate petition. To permit her an extension at this stage would only cause disruption, which is not in the public's interest. Plaintiff's motion for preliminary injunction is denied. Her objections are overruled, and the M&R is adopted in full.

The Court next considers plaintiff's motion to recuse Magistrate Judge Swank. 28 U.S.C. § 455(a) provides that a judge shall disqualify herself in any proceeding in which her impartiality may reasonably be questioned. "The proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). Plaintiff's motion appears to be based on what she perceives to be the delay by Magistrate Judge Swank in filing her memorandum and recommendation. The Court perceives no undue delay by Magistrate Judge Swank. Plaintiff's motion for recusal is denied. Plaintiff's requested alternative relief for immediate consideration of her pending motions is denied as moot. [DE 17].

The Court next considers plaintiff's appeal from the denial of plaintiff's motion for leave to electronically file. [DE 15]; [DE 19]. Federal Rule of Civil Procedure 72(a) provides that, where a non-dispositive pretrial matter is referred to a magistrate judge, a party may file objections to the magistrate judge' s decision within fourteen days after being served with a copy of the order. Fed. R. Civ. P. 72(a); *see also* Local Civil Rule 72.4(a). The district judge to whom the case is assigned shall "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the magistrate judge's decision must be affirmed unless the district court's review results in the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum* Co., 333 U.S. 364, 395 (1948).

Magistrate Judge Swank denied plaintiff's motion for leave to file electronically because plaintiff proceeds *pro se*, and the local rules for this district do not permit *pro se* parties to file electronically. [DE 15]; Local Civil Rule 5.1. That other courts may have permitted plaintiff leave

to file electronically has no bearing on this issue in this Court. Plaintiff has identified no clear error and no mistake has been committed. Magistrate Judge Swank's order [DE 15] is affirmed.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's objections are OVERRULED and Magistrate Judge Swank's M&R [DE 14] is ADOPTED IN FULL. Plaintiff's emergency motion for temporary restraining order and preliminary injunction [DE 6] is DENIED and plaintiff's emergency motion for expedited consideration [DE 7] is DENIED AS MOOT. Plaintiff's emergency motion for recusal [DE 17] is DENIED. Plaintiff's alternative motion for immediate consideration [DE 17] is DENIED AS MOOT. Magistrate Judge Swank's order denying plaintiff's motion for leave to file electronically [DE 15] is AFFIRMED and plaintiff's objections thereto are OVERRULED. Plaintiff's emergency motion for immediate consideration [DE 19] is DENIED AS MOOT. Finally, plaintiff's request for expedited service and briefing [DE 17] is DENIED.

SO ORDERED, this 2 day of November 2026.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE